**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 21-50572 |
| | : | |
| ASHLEE LYN DAUPHINAIS | : | Chapter 7 |
| | : | |
| Debtor. | : | Judge John E. Hoffman, Jr. |

| | |
|---|---|
| Amy L. Bostic, Trustee | : |
| 1160 Dublin Road, Suite 400 | |
| Columbus, OH  43215-3374 | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Adv. Pro. No. 09- |
| | : |
| Barclays Bank Delaware | |
| Attn:  CEO | |
| 125 South West Street | |
| Wilmington, DE 19801 | |
| | : |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER**

1. Jurisdiction over this Adversary Proceeding is proper pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, and the General Order of Reference entered in this District.

2. Venue over this Adversary Proceeding is proper pursuant to 28 U.S.C. §1409.

3. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F), (K), (N), and (O) and it arises in the Chapter 7 case filed by Ashlee Lyn Dauphinais, Case No. 21-59572, Southern District of Ohio.

4. Debtor Ashlee Lyn Dauphinais ("Debtor"), filed her voluntary Chapter 7 bankruptcy petition on February 24, 2021.

5. Plaintiff, Amy L. Bostic, Trustee ("Plaintiff") is the appointed and acting trustee in the bankruptcy case filed by the Debtor.

6. Within the 90 days preceding the filing of their bankruptcy petition, the Debtor paid $2,400.00 to Defendant in one or more payments (hereinafter collectively "Transfer").

7. The Transfer constitutes the transfer of an interest of the Debtor in property.

8. The Transfer constitutes a transfer to or for the benefit of Defendant Barclays Bank Delaware ("Defendant"), a creditor of the Debtor.

9. The Transfer constitutes a transfer on or account of an antecedent debt owed by the Debtor to Defendant before such transfer was made.

10. The Transfer was made while the Debtor was insolvent.

11. The Transfer was made on or within 90 days before the date of the filing of the Debtor's bankruptcy petition.

12. The Transfer enables Defendant to receive more than it would receive if this case were a case under Chapter 7 of the Bankruptcy Code, the transfer had not been made, and Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

13. The Transfer constitutes a preferential transfer avoidable by Plaintiff pursuant to 11 U.S.C. §547.

14. Pursuant to 11 U.S.C. §550, Plaintiff may recover the Transfer or its value from Defendant.

15. Plaintiff is entitled to judgment against Defendant in the amount of $2,400.00, plus the filing fee of $350.00 for this adversary proceeding, for a total judgment of $2,750.00, plus interest at the current federal judgment interest rate from the date of the judgment entered in the adversary proceeding.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $2,750.00 plus interest at the current federal judgment interest rate from the date of the judgment entered in the adversary proceeding, plus such other relief as this Court deems appropriate.

>Respectfully submitted:
>LUPER NEIDENTHAL & LOGAN
>A Legal Professional Association
>
>/s/  Kenneth M. Richards
>Kenneth M. Richards, Case Attorney
>for Plaintiff, Amy L. Bostic, Trustee
>1160 Dublin Road, Suite 400
>Columbus, OH 43215
>(614) 221-7663  Fax (866) 345-4948
>Supreme Court number:  0040455
>krichards@LNLattorneys.com